## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### Lafayette Division

EDWARD C. ABELL, et al.,               )
     Plaintiffs,                        )
                          )
v.                                     )
                          )
                          )      6:22-cv-01353
U.S. ARMY CORPS OF ENGINEERS, et       )          (JDC/CBW)
al.,                                   )
     Defendants.                        )

_____

## ANSWER TO COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Defendants, the United States Army Corps of Engineers ("Corps"), Christine Wormuth, Secretary of the Army in her official capacity, and Scott A. Spellmon, Chief Engineer and Commanding General of the Corps in his official capacity, through undersigned counsel, hereby respectfully submit this answer to Plaintiffs' Complaint (Dkt. No. 1).

1.     The allegations of Paragraph 1 constitute of characterizations of Plaintiffs' claims and conclusions of law to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

### Parties and Venue[1]

2.     The allegations of Paragraph 2 constitute Plaintiffs' characterization of their case and consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

_____

[1] Defendants include certain of the headings listed in the complaint solely to assist with reading the pleadings and do not admit the veracity of those headings.

1

3.       Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and on that basis deny them.

4.       Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis deny them.

5.       Defendants admit that IPOP has applied for a permit from the Corps.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 and on that basis deny them.

6.       Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and on that basis deny them.

7.       Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis deny them.

8.       Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained within the first clause of Paragraph 8 and on that basis deny them.  Defendants deny the allegations contained within the second clause of Paragraph 8.

9.       Defendants admit the allegations contained within the first clause of the first sentence of Paragraph 9.  The allegations contained within the second clause of the first sentence and the second sentence of Paragraph 9 constitute characterizations of Plaintiffs' complaint and conclusions of law to which no response is required.  Defendants deny the allegations contained within the third sentence of Paragraph 9.

10.       Defendants admit the allegations contained within the first clause of the first sentence of Paragraph 10. The allegations contained within the second clause of the first sentence of Paragraph 10 constitute characterizations of Plaintiffs' complaint and conclusions of

law to which no response is required.  Defendants admit the allegations contained within the second sentence of Paragraph 10.

11.     The allegations contained within Paragraph 11 constitute characterizations of Plaintiffs' complaint and conclusions of law to which no response is required.

12.     The allegations contained within Paragraph 12 constitute characterizations of Plaintiffs' complaint and conclusions of law to which no response is required.

13.     The allegations contained within Paragraph 13 constitute legal conclusions to which no response is required.  To the extent Paragraph 13 contains factual allegations, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

**Overview**

14.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and on that basis deny them.

15.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and on that basis deny them.

16.     The allegations in the first clause of the first sentence of Paragraph 16 purport to characterize a permit application, which speaks for itself and provides the best evidence of its contents.  To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 16 and on that basis deny them.

17.     Defendants deny the allegations contained in Paragraph 17.

## Background Legal Context

18.     The allegations of Paragraph 18 constitute legal conclusions to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

19.     The allegations of Paragraph 19 constitute legal conclusions to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

20.     The allegations of Paragraph 20 constitute legal conclusions to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

21.     The allegations of Paragraph 21 constitute legal conclusions to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

22.     The allegations of Paragraph 22 constitute legal conclusions to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

23.     The allegations of Paragraph 23 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

24.     The allegations of Paragraph 24 constitute legal conclusions to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

25.     The allegations of Paragraph 25 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

26.     The allegations of Paragraph 26 constitute legal conclusions to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

27.     The allegations of Paragraph 27 constitute legal conclusions to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

28.     The allegations of Paragraph 28 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

29.     The allegations of Paragraph 29 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

30.     The allegations of Paragraph 30 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

31.     Defendants admit the allegations contained in Paragraph 31 only to the extent that Defendants admit that a public notice on IPOP's individual permit application was issued on July 31, 2020. The remainder of the allegations contained in Paragraph 31 constitute conclusions of

law to which no response is required. To the extent the remainder of the allegations contains factual allegations, Defendants deny the allegations.

32.     The allegations of Paragraph 32 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

33.     The allegations of Paragraph 33 consist of legal conclusions, to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

34.     The allegations of Paragraph 34 consist of legal conclusions, to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

35.     The allegations of paragraph 35 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

**The Nationwide "Permit" System**

36.     The allegations of paragraph 36 consist of legal conclusions, to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

37.     The allegations of Paragraph 37 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

38.     Defendants deny the allegations contained within Paragraph 38.

39.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and on that basis deny them.

40.     The allegations of Paragraph 40 purport to characterize an application, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

41.     Defendants admit the allegations contained in Paragraph 41.

42.     Defendants admit the allegations contained within Paragraph 42 only to the extent that Defendants admit that Corps personnel met with project stakeholders on April 13, 2018, and that the Corps informed IPOP that its project did not qualify for the General Permit process for reasons that included the ecosystem of the area.  Defendants deny the remaining allegations.

43.     The allegations of Paragraph 43 purport to characterize an April 15, 2018, transmission, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

44.     The allegations of Paragraph 44 purport to characterize a May 29, 2018 letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

45.     Defendants admit the allegations contained within Paragraph 45.

46.     The allegations of Paragraph 46 purport to characterize Plaintiffs' July 20, 2018 application and additional forms, which speak for themselves and provide the best evidence of

7

their contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

47.     The allegations of Paragraph 47 purport to characterize an August 31, 2018 letter from the Corps, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

48.     The allegations of Paragraph 48 purport to characterize a September 4, 2018, transmission, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

49.     The allegations of Paragraph 49 purport to characterize a September 18, 2018 GPAC, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

50.     The allegations of Paragraph 50 purport to characterize a request for information sent by the Corps, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

51.     The allegations of Paragraph 51 purport to characterize an October 26, 2018, transmission, which speak for itself and provides the best evidence of its contents. To the extent

the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

52.     The allegations of Paragraph 52 purport to characterize a November 29, 2018, transmission, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

53.     The allegations of Paragraph 53 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

**2019**

54.     The allegations of Paragraph 54 purport to characterize a January 18, 2019, email, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

55.     The allegations of Paragraph 55 purport to characterize a March 20, 2019, individual permit application, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

56.     The allegations of Paragraph 56 purport to characterize an April 5, 2019, decision, which speaks for itself and provides the best evidence of its contents. To the extent the

allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

57.     Defendants admit the allegations contained within Paragraph 57.

58.     The allegations of Paragraph 58 purport to characterize an April 25, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

59.     The allegations of Paragraph 59 purport to characterize Plaintiffs' April 26, 2019, appeal, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

60.     The allegations of Paragraph 60 purport to characterize a May 10, 2019, letter from the Corps, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

61.     The allegations of Paragraph 61 purport to a May 24, 2019, which speaks for themselves and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

62.     The allegations of Paragraph 62 purport to characterize a May 25, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

63.     The allegations of Paragraph 63 purport to characterize a May 31, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

64.     The allegations of Paragraph 64 purport to characterize a June 23, 2019, letter, which speaks for itself and provides the best evidence of its contents.  To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

65.     The allegations of Paragraph 65 purport to characterize a June 23, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

66.     The allegations of Paragraph 66 purport to characterize a June 27, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

67.     The allegations of Paragraph 67 purport to characterize a July 16, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

68.     The allegations of Paragraph 68 purport to characterize a July 16, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the

allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

69.     The allegations of Paragraph 69 purport to characterize an August 12, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

70.     The allegations of Paragraph 70 purport to characterize an August 23, 2019, GPAC, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

71.     The allegations of the first sentence of Paragraph 71 purport to characterize a Drawings Checklist, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations. Defendants deny the allegations set forth in the second sentence of this Paragraph.

72.     The allegations of Paragraph 72 purport to characterize a September 11, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

73.     The allegations of Paragraph 73 purport to characterize a September 11, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the

12

allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

74.     The allegations of Paragraph 74 purport to characterize an October 4, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

75.     The allegations of the first sentence of Paragraph 75 purport to characterize a November 2, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.  Defendants deny the remaining allegations contained within this paragraph.

76.     The allegations of Paragraph 76 purport to characterize a November 5, 2019, transmission, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

77.     The allegations of Paragraph 77 purport to characterize a November 5, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

78.     The allegations of Paragraph 78 purport to characterize a December 5, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the

allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

79.     The allegations of Paragraph 79 purport to characterize a December 13, 2019, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

**2020**

80.     The allegations of Paragraph 80 purport to characterize a January 31, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

81.     The allegations of Paragraph 81 purport to characterize a February 5, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

82.     The allegations of the first and third sentences of Paragraph 82 purport to characterize a February 5, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.  Defendants deny the remaining allegations contained within this paragraph.

83.     The allegations of Paragraph 83 purport to characterize a February 10, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the

14

allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

84.     The allegations of Paragraph 84 purport to characterize a March 25, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

85.     The allegations of Paragraph 85 purport to characterize an April 7, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

86.     The allegations contained within the first and third sentences of Paragraph 86 purport to characterize two April 13, 2020, e-mails, which speak for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations. Defendants deny the remaining allegations contained within this paragraph.

87.     The allegations of Paragraph 87 purport to characterize an April 24, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

88.     The allegations of Paragraph 88 purport to characterize an April 30, 2020, e-mail and 2020 Narrative and Plan of Operations, which speak for themselves and provide the best

evidence of their contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

89.     The allegations of Paragraph 89 purport to characterize a May 4, 2020, Nationwide Permit, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

90.     The allegations of Paragraph 90 purport to characterize a May 8, 2020, outline of additional permitting tasks, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

91.     The allegations of Paragraph 91 purport to characterize a June 4, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

92.     The allegations of Paragraph 92 purport to characterize various surveys, which speak for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

93.     The allegations of Paragraph 93 purport to characterize a July 3, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

16

94.     The allegations of Paragraph 94 purport to characterize a July 31, 2020, public notice of IPOP's individual permit application, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

95.     The allegations of Paragraph 95 purport to characterize an August 7, 2020, newspaper article, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

96.     The allegations of Paragraph 96 purport to characterize an August 18, 2020, e-mail, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

97.     The allegations of Paragraph 97 purport to characterize IPOP's dredge report, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

98.     The allegations of Paragraph 98 purport to characterize an August 28, 2020, notice, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

99.     Defendants admit the allegations contained within the first clause of Paragraph 99.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of the paragraph and on that basis deny them.

100.    The allegations of Paragraph 100 purport to characterize a September 15, 2020, transmission, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

101.    The allegations of Paragraph 101 purport to characterize a September 15, 2020, notice, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

102.    The allegations of Paragraph 102 purport to characterize a September 24, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

103.    The allegations of Paragraph 103 purport to characterize an October 29, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

104.    The allegations of Paragraph 104 purport to characterize a November 9, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

105.    The allegations of Paragraph 105 purport to characterize a November 10, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the

allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

106.     Defendants admit the allegations contained within Paragraph 106 only to the extent that Defendants admit that the Corps and IPOP had a conference call on November 19, 2020, in which they discussed core sampling.  Defendants deny the remainder of the allegations contained within this paragraph.

107.     Defendants admit the allegations contained in Paragraph 107 only to the extent that Defendants admit the Corps and IPOP had a teleconference on December 8, 2020, in which they discussed potential paths forward with the application. Defendants deny the remaining allegations contained within Paragraph 107.

108.     The allegations of Paragraph 108 purport to characterize a December 9, 2020, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

109.     The allegations of Paragraph 109 purport to characterize Plaintiffs' December 10, 2020, operations proposal, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

**2021**

110.     The allegations of Paragraph 110 purport to characterize a January 8, 2021, GPAC notice, which speaks for itself and provides the best evidence of its contents. To the

extent the allegations are inconsistent with the contents of the referenced document(s),
Defendants deny the allegations.

111.    The allegations of Paragraph 111 purport to characterize a January 8, 2021, letter,
which speaks for itself and provides the best evidence of its contents. To the extent the
allegations are inconsistent with the contents of the referenced document(s), Defendants deny the
allegations.

112.    The allegations of Paragraph 112 purport to characterize a February 1, 2021,
proposal for summer operations, which speaks for itself and provides the best evidence of its
contents. To the extent the allegations are inconsistent with the contents of the referenced
document(s), Defendants deny the allegations.

113.    The allegations contained within the first sentence of Paragraph 113 purport to
characterize a January 13, 2021, email, which speaks for itself and provides the best evidence of
its contents. To the extent the allegations are inconsistent with the contents of the referenced
document(s), Defendants deny the allegations.  Defendants deny the allegations contained within
the second sentence of the paragraph.

114.    The allegations of Paragraph 114 purport to characterize a January 29, 2021,
letter, which speaks for itself and provides the best evidence of its contents. To the extent the
allegations are inconsistent with the contents of the referenced document(s), Defendants deny the
allegations.

115.    The allegations of Paragraph 115 purport to characterize a February 8, 2021,
letter, which speaks for itself and provides the best evidence of its contents. To the extent the

allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

116.    The allegations of Paragraph 116 purport to characterize a February 10, 2021, e-mail, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

117.    The allegations of Paragraph 117 purport to characterize a February 10, 2021, e-mail, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

118.    The allegations of Paragraph 118 purport to characterize a February 12, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

119.    The allegations of Paragraph 119 purport to characterize a February 16, 2021, e-mail, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

120.    The allegations of Paragraph 120 purport to characterize a February 18, 2021, e-mail and unidentified prior transmissions of documents, which speak for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

121.    The allegations of Paragraph 121 purport to characterize a February 18, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

122.    The allegations of Paragraph 122 purport to characterize two March 8, 2021, letters, which speak for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

123.    The allegations of Paragraph 123 purport to characterize a March 10, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

124.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 124 and on that basis deny them.

125.    The allegations of Paragraph 125 purport to characterize a March 8, 2021, email, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

126.    Defendants deny the allegations contained within the first sentence of Paragraph 126.  The remainder of the allegations contained within this paragraph purport to characterize a March 11, 2021, letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

22

127.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained within the first clause of Paragraph 127 and on that basis deny them.  The remainder of the allegations contained within this paragraph purport to characterize a March 12, 2021, letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

128.    The allegations of Paragraph 128 purport to characterize three March 18, 2021, letters, which speak for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

129.    The allegations of Paragraph 129 purport to characterize a March 25, 2021, transmission, which speak for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

130.    The allegations of Paragraph 130 purport to characterize an April 6, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

131.    The allegations of Paragraph 131 purport to characterize an April 16, 2021, public notice, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

132.     Defendants admit the allegations contained within Paragraph 132.

133.     The allegations of Paragraph 133 purport to characterize an April 2021 marine mammal observer report, which speaks of itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

134.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 134 and on that basis deny them.

135.     The allegations of Paragraph 135 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

136.     The allegations contained in Paragraph 136 purport to characterize a May 3, 2021, NWP reverification, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

137.     The allegations of Paragraph 137 purport to characterize a May 20, 2021, email and revised Biological Assessment, which speak for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

138.     The allegations of Paragraph 138 purport to characterize a public notice, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

139.    The allegations of Paragraph 139 purport to characterize a May 11, 2021 transmission, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

140.    The allegations of Paragraph 140 purport to characterize a May 26, 2021 email, and purported unidentified prior transmissions of documents, which speak for themselves and provide the best evidence of their contents.  To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

141.    The allegations of Paragraph 141 purport to characterize Plaintiffs' May 28, 2021, request for reverification of NWP 6 authority, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

142.    The allegations of Paragraph 142 purport to characterize a June 17, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

143.    Defendants lack sufficient information to admit or deny the allegations contained within the first clause of the first sentence.  The remaining allegations contained within the first sentence of Paragraph 143 purport to characterize a June 18, 2021, transmission, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations. Defendants deny the remaining allegations of Paragraph 143.

144.     The allegations of Paragraph 144 purport to characterize a June 24, 2021, transmission, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

145.     The allegations of Paragraph 145 purport to characterize a June 28, 2021, transmission, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

146.     The allegations of Paragraph 146 purport to characterize a July 6, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

147.     The allegations of Paragraph 147 purport to characterize a July 16, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

148.     The allegations of Paragraph 148 purport to characterize a July 16, 2021, e-mail, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

149.     The allegations of Paragraph 149 purport to characterize a July 19, 2021, public notice, which speaks for itself and provides the best evidence of its contents. To the extent the

allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

150.    The allegations of Paragraph 150 purport to characterize videos, which speak for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with the contents of the referenced video(s), Defendants deny the allegations.

151.    The allegations of Paragraph 151 purport to characterize a July 28, 2021, e-mail, which speaks for itself and provides the best evidence of its content. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

152.    The allegations of Paragraph 152 purport to characterize a July 29, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

153.    The allegations of Paragraph 153 purport to characterize a request and response regarding a site visit to Nome August 9, 2021, which speak for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

154.    The allegations contained within the first sentence of Paragraph 154 purport to characterize an August 11, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.  Defendants deny the remaining allegations.

155.    The allegations of Paragraph 155 purport to characterize an August 11, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

156.    The allegations of Paragraph 156 purport to characterize an August 11, 2021, notice, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

157.    The allegations of Paragraph 157 purport to characterize an August 12, 2021, response, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

158.    The allegations of Paragraph 158 purport to characterize an August 19, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

159.    The allegations of Paragraph 159 purport to characterize an August 30, 2021, response, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

160.    The allegations of Paragraph 160 constitute legal conclusions to which no response is required and purport to characterize an August 30, 2021, letter, which speaks for

itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

161.    The allegations of Paragraph 161 purport to characterize an August 31, 2021, letter and a September 7, 2021 letter, which speak for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

162.    The allegations of Paragraph 162 purport to characterize a September 7, 2021, letter, which speaks for itself and provides the best evidence of its content. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

163.    The allegations of Paragraph 163 consist of legal conclusions, to which no response is required, and purport to characterize a September 7, 2021, letter and "2021 Field Survey and Desktop Study," which speaks for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

164.    The allegations of Paragraph 164 purport to characterize a September 13, 2021, e-mail, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

165.    The allegations of Paragraph 165 purport to characterize a September 13, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the

allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

166.    Defendants admit the allegations contained within Paragraph 166 only to the extent that Defendants admit that Corps personnel, on the Commander's behalf, did not respond to each and every letter that IPOP sent to the Commander. Defendants deny the remaining allegations.

167.    The allegations of Paragraph 167 purport to characterize a September 15, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

168.    The allegations of Paragraph 168 purport to characterize a September 17, 2021, email, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

169.    The allegations of Paragraph 169 purport to characterize a September 16, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

170.    The allegations of Paragraph 170 purport to characterize a September 27, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

171.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 171 and on that basis deny them.

172.    The allegations of Paragraph 172 purport to characterize an October 6, 2021, e-mail, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

173.    The allegations of Paragraph 173 constitute legal conclusions to which no response is required and purport to characterize an October 6, 2021, e-mail, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

174.    The allegations of Paragraph 174 purport to characterize an October 20, 2021, letter, which speaks for itself and provides the best evidence of its contents.  To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

175.    The allegations of Paragraph 175 purport to characterize an October 21, 2021, decision, which speaks for itself and provides the best evidence of its contents.  To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

176.    The allegations of Paragraph 176 purport to characterize an October 22, 2021, letter, which speaks for itself and provides the best evidence of its contents.  To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

177.    The allegations of Paragraph 177 purport to characterize an October 25, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

178.    The allegations of Paragraph 178 purport to characterize documents provided with an October 25, 2021, letter, which speak for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

179.    Defendants admit the allegations contained within the first clause of Paragraph 179.  Defendants deny the remaining allegations contained within this paragraph.

180.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 180 and on that basis deny them.  Defendants deny the allegations contained within the second sentence of this paragraph.

181.    Defendants admit the allegations contained within Paragraph 181 only to the extent that Defendants admit that a conference call between IPOP and Corps personnel was held on November 10, 2021, and that the Corps identified defects in IPOP's alternatives analysis. Defendants deny the remaining allegations contained within this paragraph.

182.    Defendants admit the allegations contained within Paragraph 182 only to the extent that Defendants admit that Corps personnel identified defects in the analysis of the alternatives that Plaintiffs had previously identified and that the Corps is familiar with dredging equipment.  Defendants deny the remaining allegations contained within this paragraph.

183.    The allegations of Paragraph 183 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

184.    The allegations of Paragraph 184 purport to characterize a November 19, 2021, transmission, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

185.    The allegations of Paragraph 185 purport to characterize a November 19, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

186.    The allegations of Paragraph 186 purport to characterize a November 19, 2021, letter, which speaks for itself and provides the best evidence of its contents.  To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

187.    The allegations of Paragraph 187 purport to characterize a November 30, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

188.    The allegations of Paragraph 188 purport to characterize a December 13, 2021, NWP 6 authorization and letter, which speaks for itself and provides the best evidence of its

contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

189.    The allegations of Paragraph 189 purport to characterize a December 15, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

190.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained within the first clause of the first sentence of Paragraph 190 and on that basis deny them.  Defendants admit the allegations contained within the second clause of the first sentence, and the first clause of the second sentence of this paragraph.  Defendants deny the allegations contained within the second clause of the second sentence of this paragraph.  The allegations contained within the third sentence of this paragraph are too vague and ambiguous to allow response, and on that basis, Defendants deny the allegations.

191.    The allegations of Paragraph 191 purport to characterize a December 21, 2021, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

**2022**

192.    Paragraph 192 purports to characterize January 4, 2022, transmission, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

193.     Paragraph 193 purports to characterize a January 11, 2022, transmission, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

194.     Paragraph 194 purports to characterize a January 20, 2022, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

195.     Paragraph 195 purports to characterize a January 27, 2022, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

196.     Paragraph 196 purports to characterize a January 27, 2022, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

197.     Defendants admit the allegations contained in Paragraph 197.

198.     The allegations contained in Paragraph 198 to characterize a February 1, 2022, e-mail and IPOP's response, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

199.     Defendants admit the allegations contained within Paragraph 199 only to the extent that Defendants admit that IPOP sent different versions of a similar report multiple times. Defendants deny the remaining allegations contained within this paragraph.

200.     Paragraph 200 purports to characterize February 2, 2022, and February 4, 2022, transmissions, which speaks for themselves and provide the best evidence of their contents. To

the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

201.    Paragraph 201 purports to characterize a February 9, 2022, letter, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

202.    The allegations of Paragraph 202 purport to characterize a revised reclamation plan, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

203.    Defendants admit the allegations contained in Paragraph 203.

204.    The allegations of Paragraph 204 purport to characterize a March 31, 2022, transmission, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

205.    The allegations of Paragraph 205 purport to characterize an April 5, 2022, transmission, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

206.    The allegations of Paragraph 206 purport to characterize a § 401 Clean Water Act certification, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

207.    The allegations of Paragraph 207 purport to characterize an April 13, 2022, email, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the contents of the referenced document(s), Defendants deny the allegations.

208.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 208.

209.    The first sentence of Paragraph 209 consists of legal conclusion, to which no response is required. Defendants lack knowledge and information sufficient to form a belief as to the truth of the factual allegations of Paragraph 209.

## CLAIM FOR RELIEF:   ADMINISTRATIVE PROCEDURE ACT

210.    The responses to Paragraphs 1 through 209 are incorporated into Paragraph 210 by reference as if fully set forth herein.

211.    The allegations of Paragraph 211 constitute legal conclusions to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

212.    The allegations of Paragraph 212 constitute legal conclusions to which no response is required.  To the extent the paragraph contains factual allegations, Defendants deny the allegations.

213.    The allegations of Paragraph 213 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

214.    The allegations of Paragraph 214 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

215.    The allegations of Paragraph 215 consist of legal conclusions, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

216.    The allegations of Paragraph 216 consist of legal conclusions and a characterization of Plaintiffs' requested relief, to which no response is required. To the extent the paragraph contains factual allegations, Defendants deny the allegations.

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response may be deemed required, Defendants deny that Plaintiffs are entitled to the relief sought or any form of relief.

### GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

### AFFIRMATIVE DEFENSE

Defendants reserve the right to raise any affirmative defense – including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c) – that may be supported by the evidentiary record in the instant action.

DATE:  July 25, 2022                    Respectfully submitted,

                                        TODD KIM
                                        Assistant Attorney General
                                        Environment and Natural Resources Division

BRANDON B. BROWN
United States Attorney

s/ Karen J. King
KAREN KING (LA BAR #23508)
Assistant U.S. Attorney
800 Lafayette Street
Suite 2200
Lafayette, LA  70501-6832
Telephone:  (337) 262-6313
E-mail:  karen.king@usdoj.gov

/s/ Kimere J. Kimball
KIMERE J. KIMBALL (T.A.)
USDOJ ENRD/EDS
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  (202) 514-2285
Fax:  (202) 514-8865
*E-mail:  Kimere.kimball@usdoj.gov*
*Counsel for Defendant*